UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-1667 RSM <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction. Dkt. 18. Defendant contends that because Plaintiff has not established that a live controversy exists in this case, the Court should dismiss the case pursuant to Federal Civil Rule of Procedure 12(b)(1). *Id*. at 1. After considering the record, the Court grants Defendant's Motion and dismisses this case with prejudice.

## BACKGROUND

On January 4, 2023, Plaintiff, proceeding *pro se*, filed a Complaint indicating Defendant denied his claims for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") benefits, Children's Disability Benefits, Widower Insurance Benefits, and other benefits under the Social Security Act ("the Act"). Dkt. 9 at 2. Attached to Plaintiff's Complaint were the following: a letter from the Internal Revenue Service regarding a report Plaintiff requested, a

copy of Plaintiff's driver's license, a business card from an employee at H&R Block, a letter from the King County Superior Court Clerk regarding an unrelated case, a letter from a law firm dated February 13, 2017 regarding an unrelated case, contact information for an attorney and medical and dental institutions, receipts for certified mailing from the U.S. Postal Service, and a complaint filed in King County Superior Court. Dkt. 9-1 at 1–9. Plaintiff also filed additional exhibits, including several documents from King County Superior Court, more certified mailing receipts, various contact information, and an *in forma pauperis* application. Dkts. 12, 17, 19, 20.

On March 7, 2023, Defendant filed the instant Motion. Dkt. 18. Defendant also submitted a declaration from Sierra Burgess, Social Security Specialist, and other exhibits regarding Plaintiff's benefits. Dkts. 18-1–18-5. According to the declaration, Plaintiff was a recipient of SSI benefits from October 1999 until December 2006 when he lost eligibility after his income exceeded the annual earnings limit under the Act. Dkt. 18-1 at 1–2. After the agency determined Plaintiff was overpaid in November and December 2006, Plaintiff remitted payment in 2008. Dkts. 18-1 at 2; 18-2–18-4. The declaration also states Plaintiff is a current recipient of DIB and has been receiving monthly DIB payments since April 2005. Dkt. 18-5. The record does not show that Plaintiff has any pending applications or appeals before the agency.

## DISCUSSION

Defendant contends the Court must dismiss this case for lack of subject-matter jurisdiction. Dkt. 8 at 6. Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). When presented with a motion to dismiss for lack of subject matter jurisdiction, a plaintiff has the burden to demonstrate that this Court has jurisdiction. *See id.*; *see also* Fed. R. Civ. P. 12(b)(1). When presented with a motion to

dismiss pursuant to Rule 12(b)(1), the Court favorably views "the facts alleged to support jurisdiction." *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000) (citing B*oettcher v. Sec. Health & Human Servs.*, 759 F.2d 719, 720 (9th Cir. 1985)). This Court has statutory jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). A plaintiff seeking a judicial review of the denial of their benefits under the Social Security Act must first exhaust the remedies set forth in the Act. *See* 42 U.S.C. § 405(g); *Subia v. Comm. of Soc. Sec.*, 264 F.3d 899 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). Section 405(g) of the Act specifically states, "that a civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner], and (2) the [Commissioner] has made a final decision on the claim." *Bass*, 872 F.2d at 833. A claimant obtains the Commissioner's "final decision" about his or her entitlement to benefits only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an Administrative Law Judge ("ALJ"); and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900, 416.1400.

     In this case, there is no indication Plaintiff has appealed the SSI benefits terminated in November and December 2006. There is also no indication Plaintiff was ever awarded, let alone denied, Children's Disability Benefits and Widower's Insurance Benefits. The record instead shows Plaintiff was approved for DIB benefits and received them as recently as January 2023. *See* Dkt. 18-5 at 1. As Plaintiff's attachments and exhibits do not show that he has been denied Social Security benefits by Defendant, that he appealed the Commissioner's denial, and that he has completed the necessary administrative process to acquire a "final decision by the Commissioner," Plaintiff is unable invoke a judicial review pursuant to the Act. Accordingly, the Court must dismiss Plaintiff's claim for lack of subject matter jurisdiction.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 3

**CONCLUSION**

Based on the foregoing reasons, the Court hereby finds Plaintiff has not established subject matter jurisdiction. Accordingly, Defendant's Motion is GRANTED and this case is DISMISSED with prejudice.

The Clerk is directed to provide a copy of this Order to Plaintiff.

DATED this 5th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE